Thompson & als. *v.* Proprietors of Androscoggin Bridge.

THOMPSON & ALS. *vs.* *The proprietors of* ANDROSCOGGIN BRIDGE.

A recovery in a writ of right does not affect any claim of the tenant to an easement in the land.

The grant of a saw-mill, " with a convenient privilege to pile logs, boards, and other lumber," conveys only an easement in the land used for piling.

The private statute of Massachusetts of *Feb.* 26, 1796, incorporating the proprietors of *Androscoggin* bridge, gives them no right to erect a toll house on the side of the bridge ; nor does it transfer to the proprietors any thing more than an easement in the land over which it authorizes them to build a bridge.

THIS was a writ of right, brought by the heirs at law of *Samuel Thompson*, to recover a small parcel of island and rock, being that part of the island on which the tenants' toll-house stands, and adjacent to the same ; and was tried before the Chief Justice, upon the issue of the mere right. The tenants set up no title in themselves, but relied on a disseisin of the demandants' ancestor, before the thirty years mentioned in the writ ; which was sued out in *July* 1825. The proprietors were incorporated in *February* 1796, with the powers usually granted to such corporations ; and erected their toll house in the summer of that year. But for proof of the issue on their part

Thompson & als. *v.* Proprietors of Androscoggin Bridge.

they chiefly relied on a deed from the demandants' ancestor, dated *May* 25, 1793, whereby he conveyed to one *Blanchard* one sixteenth part of a saw-mill, standing on the island a little above the place where the toll-house now stands, being one fourth part of the stream saw, " with the rocks at the tail of said saw, running as the mill stands, to the water; with the right in common of using the negro appertaining to said mill, with the chain and every other appurtenant; with a convenient privilege on the aforesaid Great island to pile logs, boards and other lumber sawed in said mill; and with the privilege of rolling logs through said mill to the said fourth saw; with every other privilege and appurtenant thereto belonging or any way appertaining." Similar deeds were shewn, from the same grantor, to Messrs. *King* and *Porter*, of an adjoining mill, with similar privileges. It was admitted that the land or rock particularly described as conveyed in fee at the tail of each mill, did not include any part of the demanded premises; but it was contended that by each deed a fee simple was conveyed, by the general language describing the privilege of a piling place for boards and other lumber. But the Chief Justice was of opinion, and so instructed the jury, that only an easement was conveyed, and that not exclusive; the fee remaining in the grantor.

The tenants then contended that as it was proved that the grantees occupied and used as a piling place, under their deed, the piece of land or rock now covered by the toll-house, from the time of their purchase until the toll-house was erected, this occupation and improvement amounted to a disseisin of the demandants' ancestor, and so disproved the seisin on which they counted. But the Chief Justice instructed the jury that such occupancy was not adverse to the title of *Thompson*, nor inconsistent with his seisin in fee; and that as only the fee simple was in question, the defence failed. A verdict was thereupon returned for the demandants; subject to the opinion of the Court upon the correctness of the instructions given to the jury.

*Hasey* and *Allen*, for the tenants, said that the piling place described in the deed was an interest in real estate, and therefore pass-

sed only by deed. A mere right of passing is such ; *Clap v. Neal* 4. *Mass*. 589 ; because it is a vested interest in land. But this is more, being an exclusive right. *Chandler v. Perley* 6. *Mass*. 454. *Doane v. Badger* 12. *Mass*. 65. *Bigelow v. Battle & al*. 15. *Mass*. 313. *Cook v. Stearns* 11. *Mass*. 583. It is such an inter-est in land as that ejectment will lie for it. *Runnington on eject*. 130. 131. And if it is a vested interest, then the grantor, and those claiming under him, are estopped by the grant. 2. *Johns*. 298. 1. *D. & E*. 35. 4. *D. & E*. 671. If they are not, but may recover in this suit, the tenants will be barred of all the island, forever.

It is enough for the defence of this action, that the rock has been occupied for any purpose, under the grantees. If the use for any other purpose than a piling-place, was a forfeiture, the grantor should have entered for condition broken, in order to revest the estate in himself; until which he could not have a writ of entry. *Lincoln bank v. Drummond* 5. *Mass*. 324.

But the private act of *Feb*. 26th 1796, incorporating the tenants, affords them sufficient protection. It prescribes the place of land-ing at each end of the bridge, and of crossing the rock ; and by lim-iting the width to twenty-eight feet, it necessarily gives the right to build a toll-house outside of those limits, as incident to the right to erect the bridge, and to receive tolls. By a conveyance of the bridge, the toll-house would pass. The rights of the owners of the land were amply secured by the provisions of the act, which gave them a particular and summary mode of redress. If they neglected to resort to this, they ought to be barred.

*Orr*, for the demandants, contended that the interest of the ten-ants, and of the grantees in the deeds from *Thompson*, amounted to nothing more than an easment ; and this could never be affected by a judgment against them in a writ of right. On the contrary such a recovery is often necessary, for their protection against an intruder.

Mellen C. J. delivered the opinion of the Court.

The question upon the issue in this case is, whether the tenants have more right to hold the demanded premises in fee, than the de-

Thompson & als. *v.* Proprietors of Androscoggin Bridge.

mandants have to recover them. The seisin of *Samuel Thompson* was proved; and the demandants are his heirs at law, and are entitled to maintain this action, unless, by the act incorporating the proprietors, or by the conveyances made to *Blanchard*, and to *King* and *Porter*, by the ancestor, *Samuel Thompson*, that right has been taken away. With respect to the act of incorporation, it passes no fee simple estate to the tenants, but merely authorizes them to erect a bridge in a certain direction across the river. But, even if the fee passed, in the land or rock over which the bridge extends, that would not convey the fee simple in the land or rock on either side; nor is it necessary that a toll-house should be on the bridge, or adjoining it on one side. It may stand on either shore. The right, therefore, whatever it is, to erect a toll-house, adjoining the side of the bridge, is not incidental to the grant to erect the bridge. It has been contended, that an estate in fee passed by the deeds, in the premises demanded, which disproves the seisin of the ancestor as alleged; but this cannot be admitted. The portions of the mill conveyed, and of the rock or land under or adjoining them, are described by distinct boundaries, which do not include the demanded premises. This point was not much relied on; but it has been seriously contended that the easement, conveyed by the deeds, will be destroyed by a recovery in this action; and that an absolute judgment, rendered in favor of the demandants, will place them in a situation to hold the premises at once relieved from the easement. The first answer to this argument is, that if such would be the legal consequence, the tenants need not give themselves any trouble about it; because they have no interest in the easement. But such would not be the legal result. The easement would remain; and those entitled to it, might maintain an action against the demandants, or their assignees, for any disturbance in the enjoyment of it. The judgment and verdict in this case would be no evidence in such action on the case for disturbance. Surely the rights of *Blanchard*, and *King* and *Porter*, are not impaired or affected by the judgment against the tenants, between whom and *Thompson's* assignees there is no kind of privity. This argument therefore fails. Besides, if

9

Lewiston v. North Yarmouth.

we should give it all the importance which the counsel has given, still it has no tendency to prove the issue on the part of the tenants.

The remaining question is whether the evidence offered by the tenants, disproves the seisin of the ancestor within the time alleged. On this point we are all clear that the rise of the easement by *Thompson's* grantees, or in other words, the occupation by piling lumber, was not inconsistent with the estate remaining in *Thompson*. It was a lawful user, and under their deeds ; and of course in no degree partakes of the character of a disseisin. On every ground we think the defence has failed, and accordingly there must be

*Judgment on the verdict.*